# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**ARGO DREDGING, L.L.C. &**
**JOHN C. HUNT**                                                              **PLAINTIFFS**

**VERSUS**                                              **CIVIL ACTION NO. 1:07CV536-LG-JMR**

**1990 IMS MODEL DREDGE, bearing**
**Hull Number 1858, State of Alabama**
**Documented Vessel Number AL-4349-AW,**
***in rem*, BMC CONSTRUCTION, L.L.P.,**
**an Alabama Limited Liability**
**Partnership, JAMES N. SKINNER and**
**SUZANNE SKINNER, *in personam***                              **DEFENDANTS**

## AMENDED COMPLAINT
## <u>JURY TRIAL REQUESTED</u>

COME NOW the Plaintiffs, ARGO DREDGING, L.L.C., and JOHN G. HUNT, and files this their claim and state the following:

1.     This a possessory and petitory action filed pursuant to Supplemental Rule D of the Supplemental Rules for certain admiralty claims and falls within the meaning of Federal Rule of Civil Procedure 9(h).

2.     Jurisdiction is further premised upon 28 U.S.C. § 1333.

3.     At all times all material hereto, the vessel which is the subject of this action is located within the jurisdiction of this District presently lying at berth at the foot of Courthouse Road and Highway 90 in Gulfport, Mississippi.  The vessel made the basis of this action is currently described as a 1990 IMS MODEL DREDGE, bearing Hull Number 1858, State of Alabama Documented Vessel Number AL-4343-AW (hereinafter "Vessel"). (The Alabama Boat Registration Certificate is attached hereto as Plaintiffs' Exhibit "A".

4.     In the year 2006, Plaintiff, John C. Hunt (hereafter "Hunt") and Defendant, James N. Skinner (hereinafter "Skinner"), entered into an oral agreement to start a marine dredging business.

Hunt and Skinner agreed to form a corporation or other legal entity and to purchase dredging equipment in its name for the purpose of owning and operating a dredging business.

5.      The business was to be operated under the name "Argo Dredging".

6.      Hunt and Skinner agreed the purchase of the dredging equipment would be financed equally between them and the company would pay off any loans taken out for the purpose of purchasing necessary dredging equipment.

7.      In 2006, Hunt and Skinner located a twelve-inch dredge suitable for the company's anticipated dredging jobs. This twelve-inch dredge is not the dredge made the basis of this action. Hunt negotiated for the purchase of the dredge from Hydrovac Services, Inc., who was represented by Lewis Herring.

8.      Skinner represented to Hunt he was unable to finance his agreed-upon one half of the purchase price of the dredge.

9.      Based on Skinner's representation, Hunt personally financed the purchase of the twelve-inch dredge. Hunt paid for the dredge by drafting a check from his home equity line of credit with Colonial Bank.

10.     Thereafter, Hunt and Skinner determined that a second eight-inch dredge was needed to perform anticipated dredging work in Philadelphia, Pennsylvania.

11.     Hunt contacted Lewis Herring at Hydrovac Services, Inc. and negotiated the purchase of the eight-inch dredge made the basis of this action.

12.     Skinner again represented to Hunt he was unable to finance his agreed-upon one half of the purchase price of the dredge.

13.     Hunt agreed to personally finance the purchase of the eight-inch dredge on the condition that the company would pay off debt incurred by Hunt on his home equity line of credit.

14.     On July 20, 2006, Lewis Herring of Hydrovac Services transported the eight-inch dredge to Hunt in Mobile. After inspecting the dredge, Hunt drafted a check from his Colonial Bank home equity line of credit in the amount of $74,355.00 made payable to Hydrovac Services and tendered the check to Herring. Herring executed a Bill of Sale and delivered possession of the dredge to John Hunt. (Copies of the check and Bill of Sale are attached hereto as Plaintiffs' Exhibits "B" and "C".)

15.     At all times material hereto, the dredge was not insured.

16.     The eight-inch dredge has never been used by Hunt and Skinner for their business.

17.     The dredge was stored on the lot of BMC Construction, L.L.P. at 6110 Rangeline Road in Theodore, Alabama. BMC Construction, L.L.P. (hereinafter "BMC"), is a limited liability partnership wholly owned by James N. Skinner and his wife, Suzanne Skinner. John Hunt has no ownership interest in BMC.

18.     In January 2007, Hunt and Skinner agreed to close down the business. Hunt and Skinner discussed the possibility of BMC, buying the eight-inch dredge. Skinner represented to Hunt BMC intended to purchase the dredge.

19.     In late January, Hunt drove by BMC's office to inspect the eight-inch dredge. The dredge was not there.

20.     Skinner told Hunt the dredge was at Island Towers. John Hunt drove to Island Towers. The dredge was not there.

21.     Hunt discovered Skinner had taken the dredge to Fowl River, Alabama, to have repairs made to the dredge for use on a dredging job for BMC. Hunt authorized neither the repairs to be made on the dredge nor the use of the dredge by BMC.  Skinner represented to Hunt the repairs were made because BMC was going to purchase the dredge and use it.

22.     On Sunday, February 18, 2007, Hunt drove by BMC.  The dredge was returned and it was loaded on a tractor trailer.

23.     On Monday, February 19, 2007, at 7:00 a.m., Hunt drove back to BMC. The dredge was loaded on the tractor trailer with the engine running. Skinner was present. Skinner informed Hunt that he intended to take the dredge to Mississippi and use it on a job for BMC. Skinner told Hunt BMC had a sub-contract with Kostmayer Construction, Inc. to perform dredging work in Gulfport, Mississippi.

24.     Hunt refused to allow BMC to take the dredge unless it agreed to purchase the dredge, execute documents necessary for the purchase of the dredge and place insurance on the dredge naming John Hunt as loss payee.

25.     Skinner represented to Hunt that BMC would lose the job in Gulfport if the dredge was not delivered to the job site that day.

26.     Skinner agreed that BMC would purchase the dredge. Hunt was to prepare the purchase documents.

27.     Because the dredge was not insured, Hunt and Skinner agreed BMC could take the dredge to Gulfport only on the condition that the dredge be stored on land on the trailer. (Skinner represented the trailer and its contents were insured.)  Skinner and Hunt agreed BMC would not put the dredge in the water or otherwise use the dredge until (a) the dredge had been sold to BMC and (b) insurance was placed on the dredge naming Hunt as loss payee.

28.     Skinner took the dredge to Gulfport.

29.     Within two days, Hunt, by and through his attorney, forwarded to BMC the sales documents agreed upon for execution.

4

30.     More than 30 days have passed. Hunt has made dozens of attempts to close the sale of the dredge. Each time Hunt agreed to changes in documentation, Skinner refused to execute the revised documents and would demand additional changes.  Hunt has called Jimmy Skinner. Hunt has called Suzanne Skinner. Hunt has called Skinner's stepfather/attorney. Hunt's attorney has called and written both Skinner and his attorney numerous times. Hunt has made every attempt possible to resolve this matter prior without having to file this action. Despite every attempt made by Hunt and his attorney, Jimmy Skinner and Suzanne Skinner of BMC Construction, L.L.P. refuse to purchase the dredge.

31.     Meanwhile, despite the agreement that the dredge would not be placed in the water or used, BMC is using the dredge for its own purposes and the dredge is still uninsured. (Copies of photos showing that the dredge is in the water and being used are attached hereto as Plaintiffs' Exhibit "D".)

32.     The defendants herein, contrary to the desires and instructions of Plaintiffs, have appropriated the dredge and are using same for their personal benefit to the detriment of Plaintiffs.

WHEREFORE, premises considered, the Petitioners, Argo Dredging, L.L.C., and John Hunt, request the following relief:

A.     This Court accept jurisdiction of this matter.

B.     This Court issue an arrest warrant for the vessel.

C.     Restore possession of the vessel to Argo Dredging, L.L.C. and/or John C. Hunt.

D.     Declare title to the vessel to Argo Dredging, L.L.C., and/or John Hunt.

E.     That Plaintiffs have and recover from the defendant, all earnings of the said vessel while in the possession of defendants, with damages and costs.

F.     That Plaintiffs have and recover from the defendants, a monetary amount to be proven by Plaintiffs to compensate Plaintiffs' for their loss of use of the said vessel while in the possession of defendants, with damages and costs.

G.     That Plaintiff have and recover from Defendants damages sufficient to compensate Plaintiff for the use of his credit for the purchase of the said vessel.

H.     Adjudicate any claims BMC Construction, L.L.P., James N. Skinner, Suzanne Skinner, or any third-person may have in the vessel.

Respectfully submitted, this the 29th day of May, 2007.

ARGO DREDGING, L.L.C. &
JOHN C. HUNT, Plaintiffs


By:    /s Maria M. Cobb
       MARIA M. COBB, MS BAR NO. 9951
       RUSHING & GUICE, P.L.L.C.
       P. O. BOX 1925
       BILOXI, MS   39533-1925
       228-875-5263 VOICE
       228-875-5987 FAX
       mcobb@rushingguice.com

       OF COUNSEL:

       A. EVANS CROWE
       AL BAR NO. 9284-068A
       POST OFFICE BOX 655
       MOBILE, AL   36601-0655
       251-431-6000
       251-431-6006 FACSIMILE


       ATTORNEYS FOR PLAINTIFFS

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the

ECF system which sent notification of such filing to the following:

       Joe E. Basenburg
       HAND ARENDALL, LLC
       P. O. Box 123
       Mobile, AL   36601-0123

So certified, this the 29th day of May, 2007.

                    /s Maria M. Cobb
                    **MARIA M. COBB**

## VERIFICATION

**STATE OF MISSISSIPPI**

**COUNTY OF JACKSON**

BEFORE ME, the undersigned authority, a Notary Public in and for said County, in said State, personally appeared John C. Hunt, who, upon being first duly sworn, did depose and say as follows:

My name is John C. Hunt. I am a member of Agro Dredging, L.L.C. and I am a Plaintiff in this cause. I have read the foregoing Complaint and the contents thereof and according to my information and belief, all of the facts contained therein are true. The source of my information and grounds for my belief as to matters therein stated are based upon my personal knowledge and upon the records of Agro Dredging, L.L.C. Verification is being made by a corporate officer of Plaintiff, Argo Dredging, L.L.C.

**AGRO DREDGING, L.L.C. AND
JOHN C. HUNT, Plaintiffs**

BY: _____
**JOHN C. HUNT**

Subscribed and sworn to before me this the 2 5 day of _May_ , 2007.

_____
**NOTARY PUBLIC**

My Commission Expires:

02-03-10

Maria M. Cobb
MS Bar No. 9951
RUSHING & GUICE, P.L.L.C.
P. O. Box 1925
Biloxi, MS 39533-1925
228-875-5263
228-875-5987 Fax

W:\7488\pleadings\complaint.wpd