IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ARGO DREDGING, L.L.C., and** § | | |
| **JOHN C. HUNT** § | | **PLAINTIFFS** |
| § | | |
| **v.** § | | **CAUSE NO. 1:07CV536 LG-JMR** |
| § | | |
| **1990 IMS MODEL DREDGE, bearing** § | | |
| **Hull Number 1858, State of Alabama** § | | |
| **Documented Vessel Number AL-4349-AW,** § | | |
| *in rem*, **BMC CONSTRUCTION, L.L.P.,** § | | |
| **JAMES N. SKINNER and SUZANNE** § | | |
| **SKINNER,** *in personam* § | | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO DISMISS

THE MATTER BEFORE THE COURT is the Motion to Dismiss [18] pursuant to FED. R. CIV. P. 12(b)(2) filed by Defendants BMC Construction L.L.P. ("BMC"), James N. Skinner and Suzanne Skinner (collectively referred to as "the Defendants"). After due consideration of the Motion and the Response filed by the Plaintiffs, it is the Court's opinion that the Motion should be denied.

DISCUSSION

Plaintiffs filed their Verified Complaint against the Defendants pursuant to the Court's Admiralty jurisdiction, 28 U.S.C. § 1333. According to the Complaint, Plaintiff John Hunt ("Hunt") provided funds for the purchase of a dredging vessel for a joint venture between himself and Defendant James N. Skinner ("Skinner"). The new venture, Argo Dredging, L.LC., ("Argo") was expected to perform dredging work as part of the clean-up effort after Hurricane Katrina. However, Hunt and Skinner soon after decided to discontinue their joint venture. Plaintiffs allege that they discovered Skinner, as he was in the process of transporting the dredge to Mississippi for use with his own business, BMC[1]. Hunt agreed to allow Skinner to take the

---

[1] Suzanne Skinner is the Managing Partner of BMC. Exh "C" to Def. Mot. to Dismiss. James N. Skinner is President of BMC. Exh. "C" to Pl. Resp. in Opp. to Mot. to Dismiss.

dredge provided that BMC purchased it from Argo and kept it on land until the transfer had taken place.  Despite this oral agreement, the Defendants have not purchased the dredge, and it is alleged to be in use by the Defendants in waters off the Mississippi coast.  Both James N. Skinner and Suzanne Skinner are alleged to be citizens of Alabama.  BMC is alleged to be an Alabama limited liability partnership.  BMC is also registered as a foreign limited liability partnership in Mississippi, with a registered agent in Hattiesburg, Mississippi.

      The Defendants contend that the Court does not have jurisdiction over them because none of them have sufficient minimum contacts with the State of Mississippi, citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Nevertheless, Defendants are alleged to have asserted ownership over a vessel within the geographical jurisdiction of this Court, and "a good-faith allegation in the complaint that the *res* is present within the geographical jurisdiction of the court is *the* jurisdictional fact which gives the court *in personam* jurisdiction over the defendant purported to own the *res*." *Great Prize, S.A. v. Mariner Shipping Party, Ltd.,* 967 F.2d 157, 159 (5th Cir. 1992).  Thus, the Court concludes that it may properly assert personal jurisdiction over the Defendants.  The Motion to Dismiss will therefore be denied.

      **IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [18] pursuant to FED. R. CIV. P. 12(b)(2) filed by Defendants BMC Construction L.L.P., James N. Skinner and Suzanne Skinner is **DENIED**.

      **SO ORDERED AND ADJUDGED** this the 27th day of August, 2007.

      s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE