UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| ARGO DREDGING, L.L.C. & JOHN C. HUNT | \* \* \* |
| Plaintiffs, | \* \* |
| vs. | \* Civil Action No. 1:07cv536LG-JMR \* |
| 1990 IMS MODEL DREDGE, bearing Hull Number 1858, State of Alabama Documented Vessel Number AL-4349-AW, *in rem*, BMC CONSTRUCTION, L.L.P., an Alabama Limited Liability Partnership, JAMES N. SKINNER and SUZANNE SKINNER, *in personam* | \* \* \* \* \* \* \* \* |
| Defendants, | \* \* |
| BMC CONSTRUCTION, L.L.P., an Alabama Limited Liability Partnership, JAMES N. SKINNER AND SUZANNE SKINNER | \* \* \* \* |
| Counter-claimaints, | \* \* |
| vs. | \* \* |
| ARGO DREDGING, L.L.C., JOHN C. HUNT and JENNIFER HUNT | \* \* \* |
| Counter-defendants. | \* |

## ANSWER AND COUNTERCLAIM

COME now BMC Construction, L.L.P., James N. Skinner and Suzanne Skinner and, for response to the Complaint filed in this cause, say as follows:

1.  This paragraph requires no response from these defendants.

2.  These defendants admit that the 1990 IMS Model Dredge, hull number 1858 is in the possession of this Court.

3.  Admitted.

4.  Admitted.

5.  Admitted.

6. Admitted.

7. BMC Construction, L.L.P. and James N. Skinner admit the allegations of paragraph 6 of the Complaint. The defendant Suzanne Skinner is without sufficient information to admit or deny the allegations of this paragraph of the Complaint and, therefore, denies same.

8. James Skinner admits that a 12-inch dredge was purchased by James N. Skinner and John N. Hunt.

9. James N. Skinner admits that a bill of sale for the subject dredge was issued to "John Hunt & Jimmy Skinner". BMC Construction L.L.P. and Suzanne Skinner are without sufficient information to admit or deny the allegations of this paragraph of the Complaint and, therefore, deny same.

10. James N. Skinner admits that the initial purchase price for the dredge was provided by John Hunt, and that James Skinner and/or BMC Construction, L.L.P. contributed other services and funds to make the dredge seaworthy and able to perform its services.

11. James N. Skinner admits that a second dredge was purchased by him and by John Hunt. BMC Construction, L.L.P. and Suzanne Skinner are without sufficient information to admit or deny the allegations of this paragraph of the Complaint and, therefore, deny same.

12. James N. Skinner admits that an 8-inch dredge was purchased from Hydrovac Services, Inc., and then a bill of sale was issued to James Skinner and John Hunt for that dredge. BMC Construction, L.L.P. and Suzanne Skinner are without sufficient information to admit or deny the allegations of this paragraph of the Complaint and, therefore, deny same.

13. James N. Skinner admits that the initial purchase price for this second dredge was paid by John Hunt and that James N. Skinner and/or BMC Construction, L.L.P. contributed other services for the dredge. BMC Construction, L.L.P. and Suzanne Skinner are without sufficient information to admit or deny the allegations of this paragraph of the Complaint and, therefore, deny same.

14. James N. Skinner admits that the purchase price of the second dredge was to be paid from the earnings of the dredges. BMC Construction, L.L.P. and Suzanne Skinner are without sufficient information to admit or deny the allegations of this paragraph of the Complaint and, therefore, deny same.

15. The allegations of this paragraph are admitted.

16. The allegations of this paragraph of the Complaint are denied.

17. BMC Construction, L.L.P. admits that the dredge was stored on its property at one time. The remaining allegations of this paragraph are denied.

18. The allegations of this paragraph of the Complaint are denied.

19. BMC Construction, L.L.P., James N. Skinner and Suzanne Skinner are all without sufficient information to admit or deny the allegations of this paragraph of the Complaint and, therefore, deny same.

20. James N. Skinner denies the allegations of this paragraph of the Complaint. BMC Construction, L.L.P. and Suzanne Skinner are without sufficient information to admit or deny the allegations of this paragraph of the Complaint and, therefore, deny same.

21. James N. Skinner admits that repairs were necessary to make the dredge presently in the custody of this court able to perform its services and further admits that James N. Skinner or BMC Construction, L.L.P. performed repairs on the dredge where necessary. BMC Construction, L.L.P. and Suzanne Skinner are without sufficient information to admit or deny the allegations of this paragraph of the Complaint and, therefore, deny same.

22. James N. Skinner, BMC Construction, L.L.P. and Suzanne Skinner are all without sufficient information to admit or deny the allegations of this paragraph of the Complaint, and, therefore, deny same.

23. James N. Skinner admits the allegations of this paragraph of the Complaint. BMC Construction, L.L.P. and Suzanne Skinner are without sufficient information to admit or deny the allegations of this paragraph of the Complaint and, therefore, deny same.

24. James N. Skinner denies the allegations of this paragraph of the Complaint. BMC Construction, L.L.P. and Suzanne Skinner are without sufficient information to admit or deny the allegations of this paragraph of the Complaint and, therefore, deny same.

25. James N. Skinner and BMC Construction, L.L.P. admit that the dredge was to be delivered to that jobsite on or about February 19, 2007. Suzanne Skinner is without sufficient information to admit or deny the allegations of this paragraph of the Complaint and, therefore, deny same.

26. James N. Skinner admits that he and John Hunt discussed the purchase of this dredge by BMC Construction, L.L.P. Suzanne Skinner is without sufficient information to admit or deny the allegations of this paragraph of the Complaint and, therefore, deny same.

27. James N. Skinner and BMC Construction, L.L.P. deny the allegations of this paragraph of the Complaint. Suzanne Skinner is without sufficient information to admit or deny the allegations of this paragraph of the Complaint and, therefore, deny same.

28. James N. Skinner and BMC Construction, L.L.P. admit that the dredge was transported to Gulfport, Mississippi. Suzanne Skinner is without sufficient information to admit or deny the allegations of this paragraph of the Complaint and, therefore, deny same.

29. James N. Skinner and BMC Construction, L.L.P. admit that negotiations for the purchase of the dredge by BMC Construction, L.L.P. were conducted. Suzanne Skinner is without sufficient information to admit or deny the allegations of this paragraph of the Complaint and, therefore, deny same.

30. James N. Skinner and BMC Construction, L.L.P. admit that the purchase of the dredge has not been concluded, due, in part, to the arrest of the dredge in this action. James N. Skinner, BMC Construction, L.L.P. and Suzanne Skinner are without sufficient information to admit or deny the remaining allegations of this paragraph of the Complaint.

31. BMC Construction, L.L.P. admits that the dredge was in service as a dredge at the time of its arrest.

## COUNTERCLAIM

The Counterclaim of BMC Construction, L.L.P., an Alabama Limited Liability Partnership, James N. Skinner and Suzanne Skinner against Argo Dredging, L.L.C., John C. Hunt, and Jennifer Hunt, states as follows:

1. This Court has jurisdiction over this counterclaim under 28 U.S.C. §1333 (admiralty and maritime jurisdiction) and/or under 28 U.S.C. §1367 (supplemental jurisdiction).

2. Shortly before and/or about the same time as the events stated by plaintiffs in their complaint, John C. Hunt was an occasional employee of BMC Construction, L.L.P., or of one or more companies owned by Counter-claimants James N. Skinner and Suzanne Skinner.

3. During the course of the employment of John Hunt, James N. Skinner and Suzanne Skinner entered into discussions with John C. Hunt and his wife, Jennifer Hunt, regarding business projects to be undertaken by BMC Construction, L.L.P. and Jennifer and John Hunt.

4. BMC Construction, L.L.P. was then in the process of negotiating a dredging contract to be undertaken in the vicinity of Philadelphia, Pennsylvania, and Jennifer and John Hunt agreed to participate in the negotiation and execution of the job, as obtained, on a partnership arrangement where BMC Construction, L.L.P. would be responsible for 60% of the expenses incurred and would receive 60% of any profits from the job, and Jennifer and John Hunt would be responsible for 40% of the expenses involved, and would receive 40% of the profits which might be earned on that contract. Jennifer and John Hunt developed a proposal for the job to be performed in Philadelphia, Pennsylvania.

5. Jennifer and John Hunt and James and Suzanne Skinner also agreed to purchase one or more dredges which might be necessary for the work in Philadelphia and for other work contemplated by the partnership between them.  They decided to create a separate company, to be known as Argo Dredging, which would purchase, own and manage dredges which would be used by BMC, Jennifer and John Hunt on various construction projects.  Jennifer and John Hunt were to see to the formation of the business entity to be known as Argo Dredging.

6. Prior to the formation of Argo Dredging, John C. Hunt and James N. Skinner located two dredges which were owned by Hydrovac Services, Inc., and Mr. Hunt and Mr. Skinner purchased those dredges. Bills of sale were issued by Hydrovac Services, Inc. to John C. Hunt and James N. Skinner. Ownership of the dredges was to be transferred to Argo Dredging upon formation of that business entity. Mr. and Mrs. Hunt eventually failed and refused to see to the formation of Argo Dredging.

7. BMC Construction was awarded the dredging contract to be undertaken in Philadelphia, Pennsylvania, and set about preparation to begin that job with its partners, Jennifer Hunt and John C. Hunt, according to the 60%/40% oral partnership agreement as described above.

8. John C. Hunt and Jennifer Hunt spent time in Philadelphia working on the dredging job which the partnership undertook there, and Jennifer Hunt and Suzanne Skinner spent time at the offices of BMC Construction, also on the project underway in Philadelphia, Pennsylvania.

9. The job undertaken in Philadelphia did not proceed as smoothly as had been planned, and problems were encountered. John Hunt eventually declared that he and Jennifer Hunt would voluntarily change their agreement to participation of 70% of expenses and anticipated profits by BMC Construction and 30% of the expenses and anticipated profits by John and Jennifer Hunt, but that proposal was refused by BMC Construction.

10. John Hunt and Jennifer Hunt eventually abandoned altogether the project then underway in Philadelphia, Pennsylvania, and refused to participate in expenses of that job.

11. In the early planning stages of the partnership between John Hunt, Jennifer Hunt and BMC Construction, another job became available which could utilize one or both of the dredges purchased by John Hunt and James N. Skinner (which were to be transferred to Argo Dredging). This job was located in Gulfport, Mississippi. There was considerable discussion of the organization and plan for the work to be done in Gulfport, Mississippi. BMC Construction completed a bid for the work to be done in Gulfport, and was awarded a sub-contract for this job. BMC Construction,

John Hunt and Jennifer Hunt entered into this work on the same 60%/40% division of expenses and proceeds as they had done on the job underway in Philadelphia, Pennsylvania.

12. When John Hunt and Jennifer Hunt sought to abandon the partnership in the job already underway in Philadelphia, Pennsylvania, they also sought to abandon their partnership in the job obtained by BMC Construction, which was about to be underway in Gulfport, Mississippi.

13. The job in Gulfport had been planned with the use of one of the dredges, as described above, which had been purchased by John C. Hunt and James N. Skinner. BMC Construction kept John C. Hunt and Jennifer Hunt fully advised of the terms and schedule of the work to be done in Gulfport, Mississippi, and of the use of the dredge purchased by John C. Hunt and James N. Skinner whose arrest was the basis for the current matter presently before the court.

14. BMC Construction had agreed to make one of the dredges purchased, which was then not operational, fully operational for use on the job in Gulfport, Mississippi. BMC Construction undertook to have one of the dredges made fully seaworthy and operational, at its own expense, for the planned use on the job to be completed in Gulfport, Mississippi.

15. The dredge was made fully operational, with the knowledge and consent of John C. Hunt and Jennifer Hunt. That dredge was then transported to Gulfport, Mississippi, and put to work on the job pursuant to the partnership agreement between BMC Construction, John Hunt and Jennifer Hunt, even though Mr. and Mrs. Hunt had failed or refused to create the entity to be known as Argo Dredging, with themselves, James N. Skinner and Suzanne Skinner as principals. During the course of the work being performed in Gulfport, Mississippi, John C. Hunt and Jennifer Hunt apparently formed the entity now known as Argo Dredging, L.L.C., and caused the arrest of the dredge then working in Gulfport. This arrest resulted in the loss of the work being performed at the time of the arrest.

WHEREFORE, the premises considered, the Counter-claimants request the following relief:

A. That Jennifer Hunt be made a party to this action.

      B.      That the rights and liabilities of the parties to this action, as partners and related business entities be determined.

      C.      That a full accounting of all projects undertaken by the parties to this action be declared and that the Counter-claimants have and recover judgment against the Counter-defendants as appropriate and as determined by this Court.

      D.      That the partnership and further business enterprise between the parties be dissolved.

      E.      That any and all claims between Argo Dredging, L.L.C., John C. Hunt, Jennifer Hunt, BMC Construction, L.L.P., James N. Skinner and Suzanne Skinner be identified and adjudicated by this Honorable Court.

      F.      That the Defendants and Counter-claimants have such other, further and different relief to which they may be entitled, the premises considered.

RESPECTFULLY SUBMITTED, this the 5th day of October 2007.

*s/Joe E. Basenberg*
JOE E. BASENBERG (MS BAR #9480)
NORMAN M. STOCKMAN (MS BAR #100196)
Attorney for Defendants, Counter Claimants and
Third-Party Plaintiffs

HAND ARENDALL, LLC
Post Office Box 123
Mobile, AL  36601
(251) 694-6264 - telephone
(251) 694-6375 – facsimile
jbasenberg@handarendall.com
nstockman@handarendall.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2007, I electronically filed with the Clerk of the Court using CM/EFC system which will send notification of such filing to Maria M. Cobb, mcobb@rushing-guice.com; and to all other defense counsel of record via email.

*s/ Joe E. Basenberg*